# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 383
### KOBLITZ v. PUSCAK

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4941. Decided March 3, 1924

147. BILLS AND NOTES—Fraud is no defense against a bona fide purchaser for value of negotiable paper who is a holder in due course.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action brought by a holder of certain promissory notes against the makers, Andy Puscak and Mary Puscak. The defense of the makers was that the notes were obtained by fraud, but they did not allege nor prove that Koblitz, the holder, knew of this fraud, and therefore took the notes subject to the defenses. The evidence disclosed that Koblitz was a bona fide purchaser for value before maturity. It also showed a fraudulent use of the money by the man to whom the makers gave these notes. In other words, the evidence disclosed that the defendants signed the notes but that the signatures were obtained through fraudulent representations. The Common Pleas rendered a judgment for defendants. In reversing the judgment of the lower court, the Court of Appeals held:

1. As the plaintiff purchased the paper for value without knowledge of any fraudulent acts, he was a holder in due course and was entitled to recover the amount of said notes.

Attorneys not given.

No. 384
### MAHER v. COLLECTION CO., Inc.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4955. Decided April 18, 1924

147. BILLS AND NOTES—A party to a fraud who subsequently gains possession of a negotiable instrument obtained through fraud, cannot claim that it is entitle to the rights of a holder in due course.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

Maher filed a petition to set aside or vacate the former judgment of the Cuyahoga Common Pleas in which he was the defendant and the Collection Co. was plaintiff, in which case judgment was rendered against him and affirmed by the Court of Appeals. In the original suit the evidence showed that the Collection Co. had taken negotiable paper from the

Bank of New Orleans which was a bona fide holder for value before maturity. The petition set forth facts which, if true, showed that fraud was committed in the beginning by the Collection Company. A demurrer was filed to this petition by the Collection Company and sustained. Maher prosecuted error. In reversing the lower court, the Court of Appeals held:

1. If a promissory note gets into the hands of a bona fide holder, it is good in the hands of any person, except those persons who are guilty of the original fraud and were interested parties in the beginning, into whose hands it again falls and they bring the suit.

Attorneys—Not given.